IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEONARD W. HOUSTON, a/k/a/ Houston, Leonard William, | ) ) ) | |
| Plaintiff, | ) ) | NO. 7:22-CV-174-FL |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon plaintiff's responses to the court's December 29, 2022, order directing plaintiff to submit corrected summonses. (DE 9 at 2). The court instructed plaintiff that his original proposed summons appeared deficient, citing Fed. R. Civ. P. 4(i) (governing service of the United States and its agencies, corporations, officers, and employees), and that "[i]f the defendants are a government agency or employee, summonses are required for the agency or employee, the U.S. Attorney General, and the U.S. Attorney Civil Process Clerk." (Id.). The court warned plaintiff that "[f]ailure to do so may result in the dismissal of this action without prejudice for failure to prosecute or to comply with this order." (Id.).

Defendant's responses do not comply with the court's order, because plaintiff has not submitted corrected summonses for issuance by the clerk for the U.S. Attorney General and the U.S. Attorney Civil Process Clerk. Rather, plaintiff has attempted to show service of the complaint with

summonses he prepared himself.  This matter accordingly is DISMISSED WITHOUT PREJUDICE for failure to comply with the court's order.[1]

SO ORDERED, this the 20th day of January, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] The court also notes that, based on the timing of plaintiff's complaint, it appears plaintiff has not complied with the administrative exhaustion requirements in the Camp Lejeune Justice Act of 2022 ("CLJA"), by presenting an administrative claim to the United States after August 10, 2022.  See Girard v. United States, No. 2:22-CV-22-FL, 2023 WL 115815, at *1 (E.D.N.C. Jan. 5, 2023) (citing Pub. L. No. 117-168, § 804(h)).  At this juncture, dismissal is only for failure to comply with the court's order.  Demonstrating proper exhaustion under this court's precedents, however, is an additional requirement in the event plaintiff seeks to pursue further his claims under the CLJA.